# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Vasquez,                           :
                         Appellant       :
                                         :
              v.                         :
                                         :
City of Reading and                      :   No. 1770 C.D. 2016
Thomas K. Flemming                       :   Submitted: March 10, 2017


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                               FILED: August 2, 2017


Ramon Vasquez (Vasquez) appeals *pro se* from the Berks County Common Pleas Court's (trial court) July 7, 2016 order granting the City of Reading's (City) and City Police Officer Thomas Flemming's (Flemming) Motion to Dismiss pursuant to Pennsylvania Rule of Civil Procedure No. (Rule) 233.1 (Motion) and dismissing Vasquez' Complaint against the City and Flemming (Complaint).  There are two issues before this Court: (1) whether the trial court failed to give Vasquez an opportunity to respond to the Motion, and (2) whether Vasquez' Complaint was a frivolous serial lawsuit.[1]  After review, we affirm.

Vasquez is an inmate at the State Correctional Institution at Somerset. On August 13, 2015, Vasquez filed a complaint in the United States District Court for the Eastern District of Pennsylvania (U.S. District Court) seeking monetary damages from the City, Flemming, Vasquez' ex-girlfriend, a magisterial district judge, a security guard, a City resident and an off-duty police officer (first lawsuit).  Vasquez

---

[1] Vasquez presents three additional issues in his brief's Statement of Questions Involved: (1) whether Flemming, as a trained police officer, failed to view the totality of the circumstances; (2) whether the federal tribunal was impartial in its dismissal of Vasquez' first lawsuit; and (3) whether the claims in Vasquez' first lawsuit were time-barred.  *See* Vasquez Br. at 4.  Because those issues do not relate to the Rule 233.1 dismissal, they are not properly before the Court.

sought to proceed *in forma pauperis.* In his first lawsuit, Vasquez asserted claims against the City and Flemming arising from a criminal complaint they had filed against him for the unauthorized use of an automobile and the alleged events resulting therefrom, including false arrest, false imprisonment, and malicious prosecution under Section 1983 of the Civil Rights Act (Section 1983), 42 U.S.C. § 1983, as well as claims based on his June 19, 2013 arrest. On August 11, 2015, the U.S. District Court granted Vasquez leave to proceed *in forma pauperis*, and dismissed his claims against the City and Flemming with prejudice pursuant to Section 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), due to his failure to state a claim upon which relief may be granted.

On December 7, 2015, Vasquez filed the Complaint in the trial court seeking monetary damages under Section 1983. In the Complaint, Vasquez alleged that the City and Flemming were liable for conducting an unreasonable search and seizure, false arrest and false imprisonment in violation of the Fourth Amendment, malicious use of process, assault, intentional infliction of emotional distress, negligence, and respondeat superior negligence. On June 30, 2016, the City and Flemming filed the Motion. On July 7, 2016, the trial court granted the City and Flemming's Motion and dismissed Vasquez' Complaint with prejudice. Vasquez appealed to the Superior Court. The Superior Court issued a Rule to Show Cause as to whether Vasquez' appeal was timely filed, and whether the appeal should have been filed in this Court. By November 1, 2016 order, this Court accepted Vasquez' appeal as timely filed.[2]

---

[2] A trial court's grant of a motion to dismiss pursuant to Rule 233.1 is subject to an abuse of discretion review standard. *Coulter v. Ramsden*, 94 A.3d 1080 (Pa. Super. 2014). To the extent an appeal involves interpretation of the rules of civil procedure, this Court's standard of review is *de novo*. *Id.*

Initially, Rule 233.1(a) provides:

**Frivolous Litigation. Pro Se Plaintiff. Motion to Dismiss**

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, **a defendant may file a motion to dismiss the action on the basis that**

(1) **the** *pro se* **plaintiff is alleging the same or related claims which the** *pro se* **plaintiff raised in a prior action against the same** or related **defendants**, **and**

(2) **these claims have already been resolved pursuant to a** written settlement agreement or **a court proceeding**.

Pa.R.C.P. No. 233.1(a) (text bold emphasis added).

Vasquez first argues that the trial court violated his due process rights by not giving him an opportunity to respond to the Motion. Although Vasquez stated the issue in his "**STATEMENT OF QUESTIONS INVOLVED**" as: "Whether the [trial] court failed to give [Vasquez] an equal opportunity to be heard in response to [the Motion]" (Vasquez Br. at 4), the assertions in his "**ARGUMENT FOR THE APPELLANT**" (Vasquez Br. at 15), refer to his lack of opportunity to present the merits of his case. *See* Vasquez Br. at 17-19. It appears Vasquez is requesting a remand to the trial court to present the merits of his Complaint, rather than the merits of the Motion.[3] Because the merits of his underlying case were not before the trial court, a remand is not warranted. Moreover, as the trial court opined: "[Vasquez] had no grounds for relief available even if he had filed a response to [the Motion]."[4] Trial Court Op. at 4.

---

[3] Vazquez maintains: "Judgment should be reversed and remanded due to the trial court's abuse of discretion of [Vasquez'] right to due process[;]" and "because denying a fair opportunity to litigate his claims goes against the rudimentary of justice." Vasquez Br. at 17, 19.

[4] Vasquez does refer to the fact that this litigation is his first state court action. *See* Vasquez Br. at 18. To the extent he may be implying that because the first lawsuit was filed in federal court it cannot be the same, that argument has no merit. *See Coulter v. Ramsden,* 94 A.3d 1080 (Pa. Super. 2014) (wherein the trial court dismissed the petitioner's action under Rule 233.1 in state

This Court notes that the better practice would have been for the trial court to have given Vasquez the right to respond to the Motion; however, Vasquez' due process rights were protected by his ability to file a motion for reconsideration. Because any order is subject to appeal and reconsideration, Pa.R.A.P. 1701, and a trial court has 30 days to modify or rescind its order, 42 Pa.C.S. § 5505, Vasquez' due process rights were not violated when the Motion was granted.

Vasquez next contends that his Complaint should not have been dismissed under Rule 233.1 because it was not a serial lawsuit. However, Rule 233.1 refers to "same or related claims . . . raised in a **prior action** against the same or related defendants" which "have already been resolved pursuant to . . . a court proceeding." Pa.R.C.P. No. 233.1(a) (emphasis added). The word "serial" does not appear in Rule 233.1 as it is not limited to numerous filings, but rather, duplicative filings. Because Vasquez' Complaint was "filed by a *pro se* plaintiff" in "common pleas" court alleging "the same or related claims" which were "raised in a prior action against the same or related defendants," and those "claims have already been resolved," the Complaint was properly subjected to Rule 233.1. *Id.*

In the instant case, Vasquez' "INTRODUCTION" in his first lawsuit's complaint states in its entirety:

> This is a civil rights action filed by [Vasquez], seeking monetary damages under [Section] 1983, alleging illegal search [and] seizure, false arrest and imprisonment in violation of the fourth amendment to the United States [C]onstitution, deprivation of equal protection & due process in violation of the fourteenth amendment of the United States [C]onstitution, deprivation of right to counsel in violation of the sixth amendment to the United States [C]onstitution; The plaintiff also alleges the torts of defamation, assault [and] battery, malicious abuse of

court because a federal court had dismissed a similar action on the basis that petitioner was a vexatious litigant).

process, intentional infliction of mental distress, negligence, and negligence respondeat superior[.]

Supplemental Reproduced Record (S.R.R.) at 34b. The "INTRODUCTION" in Vazquez' Complaint states in its entirety:[5]

> **This is a civil rights action filed by [Vasquez], seeking monetary damages under [Section] 1983, alleging illegal search & seizure, false arrest and imprisonment in violation of the fourth Amendment to the United States Constitution, deprivation of equal protection** of law, life, liberty, and property without **due process in violation of the fourteenth amendment to the United States Constitution[.] The plaintiff also alleges the torts of malicious abuse of process,** assault, **intentional infliction of mental distress, negligence, and negligence respondeat superior.**

S.R.R. at 5b (emphasis added).

The allegations against Flemming in the first lawsuit, *see* S.R.R. at 45b-46b, ¶¶ 6, 8-10, are virtually identical to the allegations against Flemming in the Complaint. *See* S.R.R. at 15b-17b, ¶¶ 1, 4, 7-8. Further, the allegations against the City in the first lawsuit, *see* S.R.R. at 49b-51b, ¶¶ 25, B.4-5, C.2, are virtually identical to the allegations against the City in the Complaint. *See* S.R.R. at 15b-16b, ¶¶ 2-3, 5-6. Consequently, the claims raised in the Complaint are the "same or related claims . . . raised in a prior action against the same or related defendants[.]" Pa.R.C.P. No. 233.1(a). Since the U.S. District Court dismissed Vasquez' claims against the City and Flemming with prejudice pursuant to Section 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, the aforementioned claims "have already been resolved pursuant to . . . a court proceeding." *Id.* Accordingly, the trial court properly dismissed the Complaint under Rule 233.1.

For all of the above reasons, the trial court's order is affirmed.

---

[5] The Complaint is hand-written in all capital letters.

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Vasquez,                                    :
                             Appellant    :
                                        :
                  v.                        :
                                          :
City of Reading and                               :    No. 1770 C.D. 2016
Thomas K. Flemming                                :

PER CURIAM

## O R D E R

AND NOW, this 2nd day of August, 2017, the Berks County Common Pleas Court's July 7, 2016 order is affirmed.